[No. 11464.   Department Two. — July 21, 1886.]

JOHN J. CHARNOCK, RESPONDENT, v. ANDERSON ROSE ET AL., APPELLANTS.

WATERCOURSES — RIGHTS OF PRIVATE OWNERS — ACT OF MAY 15, 1854. — The act of May 15, 1854, creating a board of commissioners and the office of overseer in each township of the several counties of the state to regulate watercourses within their respective limits, and the acts amendatory thereof, do not authorize those officers to enter upon pri-

vate watercourses, and to disturb the owners thereof in there use and enjoyment.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Wells, Van Dyke & Lee,* for Appellants.

*Howard & Scott,* for Respondent.

McKEE, J.—This is an appeal from a judgment which perpetually enjoins the defendants from interfering in any way with the possession, use, and control of a ditch in which is conducted, for the purpose of irrigation, the water of a natural watercourse on the plaintiff's land.

The watercourse is known as the Bellona Creek, which rises on private property above the Bellona ranch, in Los Angeles County, and has "from time immemorial flowed through the ranch."

It appears that prior to the year 1850 the owners of the ranch constructed two ditches, by which they diverted and conducted the water of the creek to the irrigable lands of the ranch. In that way they occupied and used the ranch until the year 1868, when it was, by judicial proceedings, partitioned among them, and in the partition there was allotted to them respectively certain parts of the irrigable lands in proportion to their respective interests in the ranch, and assigned, as appurtenant to each allotment, a proportionate right to the use of the water of the creek running in the ditches.

Having become the owner of two of those allotments, and the water right appertaining to them, the plaintiff entered into possession, and exercised his rights of ownership and possession, unchallenged by any one, until February, 1885, when the defendants, without his consent or permission, entered upon the ditches, and claiming the right to appropriate the water running in them, assumed the use and control of the same.

This entry was not made by the defendants upon any personal claim of private ownership to the property. They do not assert any right to the land or the water founded upon grant or appropriation, nor do they question the private ownership of the plaintiff to both land and water; but admitting that he is the owner of the property, they say that they entered upon it and assumed to use and control it in the exercise of authority conferred upon them by an act of the legislature entitled "An act creating a board of commissioners and the office of overseer in each township of the several counties in the state, to regulate watercourses within their respective limits," approved May 15, 1854, and the acts amendatory thereof.

The plaintiff denies that the statute conferred any power upon the defendants as a board of water commissioners or otherwise to enter upon his property and deprive or disturb him in its use and enjoyment; and that, even if that was the purpose of the statute, it was wholly ineffectual for such purpose, and has been repealed.

Undoubtedly the legislature has no power to expropriate the property of any person by a mere legislative enactment. That the legislature could not do without violating the first principles of constitutional law. Under the constitution and laws of the state, framed to secure and protect every citizen in his rights of life, liberty, and property, private property cannot be taken, except for a public use, upon payment to the owner of a just compensation therefor, ascertained and adjudged to him according to law.

Indeed, the statute itself invoked by the defendants to justify their attempted appropriation of the property of the plaintiff contains provisions declaratory of those first principles of law, for it provides: —

"Sec. 9. Where water rises on land owned by any person, it shall not be subject to the provisions of this act."

"Sec. 14. No person or persons shall divert the waters of any river, creek, or stream from its natural channel to the detriment of any other person or persons located below them on such stream." (Stats. 1854, p. 76.)

Subject to these provisions for the security and protection of private property and its incidents, the object of the statute was the election of township officers to regulate and control the watercourses of the county. For that purpose it authorized the commissioners elected under its provisions to examine and divert such watercourses as they might adjudge ought to be appropriated to public use, and apportion the water thereof among the inhabitants of their districts, and determine the times for using the same. (Stats. 1862, p. 235.)

But at the time of the defendants' entry, the entire subject-matter of the statute, so far as it related to Los Angeles County, had been revised by the legislature by an act entitled "An act to promote irrigation in the county of Los Angeles," approved March 10, 1874. (Stats. 1873–74, p. 312.) Instead of a board of water commissioners and an overseer for each township in the county, as provided by the statute of 1854, the statute of 1874 provided that there should be elected at the general election of 1875 a superintendent of irrigation for the county at large, and three water commissioners in each water district, whose duty should be to acquire water rights by condemnatory proceedings, regulate the watercourses of the districts, and fix water rates for the sale of water for purposes of irrigation.

These provisions were in some respects additional to and in others in conflict with those of the statute of 1854 upon the same subject-matter. Manifestly, therefore, the statute of 1874 was intended as a substitute for the statute of 1854 as to Los Angeles County. Where that is the case with two statutes, the latter or substituted statute repeals the former. (*Treadwell* v. *Yolo County*, 62 Cal. 564; *People* v. *Lon Me*, 49 Cal. 353.)

Besides, the statute of 1874 expressly repealed all acts and parts of acts inconsistent with the provisions of the act, so far as they referred to Los Angeles County. (Stats. 1874, sec. 14, p. 312.)

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.