[Sac. No. 5018. In Bank.—February 19, 1936.]

COUNTY OF LOS ANGELES, Petitioner, v. HERBERT C. LEGG, as Chairman of the Board of Supervisors, etc., Respondent.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Petitioner.

O'Melveny, Tuller & Myers, James L. Beebe and Homer I. Mitchell for Respondent.

CONREY, J.—In this proceeding the petitioner asks for a peremptory writ of mandate, to compel respondent, as Chairman of the Board of Supervisors of the County of Los Angeles, to sign certain tax anticipation notes proposed to be issued by the county under authority of section 3719 of the Political Code (Stats. 1935, p. 1600, chap. 523). Respondent has refused to sign the notes, and contends that for various reasons the proposed notes, if issued, will be invalid, and that therefore he is under no legal obligation to sign them.

The first sentence of said section 3719 reads as follows: "*When funds shall be needed* for the immediate requirements of any county, any city or any school district in any fiscal year to pay obligations lawfully incurred in such fiscal year and before the receipt of income for such fiscal year sufficient to meet such payments, the *board of supervisors* of such county on the recommendation of the auditor and treasurer, or such school district on the request of two-thirds of the members of its governing board, approved by the auditor and treasurer of the county, and the legislative body of such city on the recommendation of the auditor and treasurer of such city, *shall have power* at any time subsequent to approval of the final budget of such county, city or school district and the levy of taxes for such fiscal year *to borrow money* on notes, tax anticipation warrants or other evidences of indebtedness on behalf of such county, city or school district in an aggregate amount not to exceed fifty per cent of the estimated income and revenue provided for such current fiscal year." (Italics

ours.) It is further provided that the notes shall be issued only after the adoption, by a four-fifths vote, "of a resolution setting forth the necessity for such borrowing". And in said section it is further provided: "The repayment of any sum so borrowed pursuant to the authority of this section shall constitute a first lien and charge against the taxes, revenue and other income *collected during the fiscal year in which said money was borrowed and shall be repaid from the first moneys* received from said taxes, revenue and income. All such notes, tax anticipation warrants or other evidences of indebtedness issued *for funds borrowed* prior to December 31 in any fiscal year shall be paid *not later* than said December 31, and all other evidences of indebtedness for funds borrowed in any fiscal year shall be repaid *not later than May 30* of such fiscal year, and no notes, tax anticipation warrants or other evidences of indebtedness shall be issued after December 31 in any fiscal year in the event that funds borrowed prior to said December 31 are not repaid prior to said date. It is the intention of this section that such loan shall be made *solely for the purpose* of anticipating receipt of income and *shall be made solely upon the credit of income and revenue provided for the fiscal year in which said loans are made.*" (Italics ours.)

Counsel for respondent have set forth, in their brief, the alleged illegalities upon which they rely. We shall assume that in all other particulars the proceedings have been conducted according to law.

First, respondent contends that the statute under which the proposed notes are to be issued does not limit the payment of said notes to income and revenue provided for the fiscal year in which the notes would be issued, and is invalid as purporting to authorize the incurring of indebtedness payable from the income and revenue of future years without the vote required by section 18 of article XI of the Constitution of this state. In that section of the Constitution it is provided that: "No county . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose. . . ."

It must be admitted that the statute (section 3719) contains no express declaration that obligations issued pursuant to its

provisions must be repaid solely from the income and revenue provided for the fiscal year in which the evidences of indebtedness are issued. It will be sufficient, however, if the statute as written makes that declaration and limitation by necessary inference from the words used. That this has been done, very clearly appears when the section is read, keeping in mind the purposes of the enactment. The loans are to be short-time loans, to obtain funds in advance of the current year's tax receipts and are made ''solely for the purpose of anticipating receipt of income''; they are to be repaid within the fiscal year, and from the first moneys received in the course of collection of those taxes. Also they are to be made ''solely upon the credit of income and revenue provided for the fiscal year in which said loans are made''.

 The Constitution and the statute are to be read together. If the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, the statute will be given that meaning, rather than another in conflict with the Constitution.

Following this rule in the instant case, we conclude that the notes when issued will not be general obligations of the county, and will not be payable out of any funds other than those included within the income and revenue of the county provided for the current fiscal year.

 Respondent attacks the statute on one further ground, which is set forth in these words: ''The provision of the statute which makes the repayment of such notes a first lien against the taxes, revenue and other income of the county collected during the fiscal year is invalid as constituting an attempted delegation of power by the legislature to the purchaser of the notes to control and interfere with county money in violation of section 13 of article XI of the Constitution of the State of California.'' By said section 13, article XI, of the Constitution, it is provided: ''The legislature shall not delegate to any special commission, private corporation, company, association or individual any power to make, control, appropriate, supervise or in any way interfere with any county, city, town or municipal improvement, money, property, or effects, whether held in trust or otherwise. . . . ''

There does not appear to be any merit in the contention of respondent, hereinabove stated. Lien or no lien, the obvious remedy would be *mandamus* to the proper officers, to compel

payment of the notes out of the charged funds, whenever the conditions exist requiring such payment, and those funds have come into the county treasury. ▆ And even if the lien provision should be held void, it is not tied in with the other provisions of the section so as to affect their validity, or so as to justify a court in declaring void the entire section. The duty would still exist to satisfy the obligation "from the first moneys received from said taxes, revenue and income".

▆ Point III. Respondent contends that the sum proposed to be borrowed is to be used to pay not only obligations incurred at the time of the borrowing, but also obligations which may or will be lawfully incurred subsequent to the borrowing and prior to December 30, 1935, in violation of the provisions of the statute which limit the borrowing to the payment of obligations lawfully incurred at the time the money is borrowed. The statute requires, as a preliminary to the resolution of the board of supervisors authorizing the borrowing, that there be a recommendation therefor by the county auditor and the county treasurer. The communication from those officers to the board of supervisors, appearing in the record here, shows that at the time of those proceedings and at the time (October 21, 1935) of respondent's refusal to sign the notes, of the $5,000,000 of obligations to be met by this borrowing, "it is estimated that $1,500,000 of said sum of $5,000,000 will be needed for the payment of salaries accruing on November 1, 1935, $1,500,000 for payment of salaries accruing on December 1, 1935, and that $2,000,000 will be needed for the payment of obligations lawfully incurred for maintenance and operation charges and capital expenditures between October 1, 1935, and December 30, 1935". Counsel for respondent, in support of their objection, refer to that clause of section 3719 which expressses the condition on which these tax anticipation loans may be made, viz., that "funds shall be needed for the immediate requirements" of the county in any fiscal year "to pay obligations lawfully incurred", etc. Then calling upon the rule of strict construction of powers of municipalities, and much good law pertaining thereto, they argue that these notes would be void because some of the obligations which would be paid out of the fund, were not yet actually incurred. But they were within the scope of immediately to be foreseen emergency, they were certain to be existing demands before the collection of taxes sufficient to pay

them, and if not "incurred" in the fully completed sense, yet they were about to be incurred and were impending demands requring immediate preparation for their payment. We think that this point III should be overruled.

■ Points IV and V. It is further contended by respondent that the resolution of the board did not "set forth" the necessity for such borrowing as is required by the statute; also that the statement in the resolution of the amount of income and revenue provided for the county for the current fiscal year does not comply with the statute, but includes sums which are not actually revenues provided for such fiscal year. We are convinced that in both of these matters the resolution sufficiently complied with the requirements of the statute. The resolution stated: "The Board of Supervisors of Los Angeles County does hereby determine that it is necessary for the county of Los Angeles to borrow the sum of $5,000,000.00 for a period of sixty days, which said sum shall be needed for the immediate requirements of said county in the fiscal year 1935–36 to pay obligations lawfully incurred in such fiscal year and before the receipt of income for such fiscal year sufficient to meet such payments, to wit: the payment of salaries, maintenance and operation charges and capital expenditures." Such statement does set forth the necessity, not only by declaring the fact, but also by words which suggest, concisely, the circumstances out of which the necessity is derived. That is enough to meet the requirements.

■ With respect to the contention of respondent that the statement in the resolution of the amount of income provided for the county for the current fiscal year does not comply with the statute, we think that the argument is critical beyond the standards of practical solution of the problem. The provision of the statute requiring such statement of income bears a direct relation to that other provision which limits the amount of these authorized loans to an aggregate amount not to exceed fifty per cent of the estimated income and revenue provided for such current fiscal year.

The argument of respondent is that the income schedule set forth in the resolution fails to state the amount of income and revenue *provided*, because it includes items of anticipated revenue which cannot be said to be "income and revenue provided". But these items are separated, so that inspection re-

veals the true amount, and also shows that the proposed loan is far within the fifty per cent limit.

There being no other stated objections, we conclude that the proceedings in question are valid, and that the relief sought by petitioner should be granted.

Let the peremptory writ issue.

Shenk, J., Thompson, J., Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.