**STATE OF OREGON, ex rel. Earl SHERWOOD, Petitioner,**

v.

**Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Respondent.**

**No. 617.**

United States Court of Appeals Ninth Circuit.

Feb. 12, 1957.

Earl Sherwood, in pro. per.

No appearance for respondent.

Before POPE, FEE and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

Petitioner has tendered to the Clerk of this Court for filing what he calls a "Petition for Writ of Mandamus in Forma Pauperis." Although this should have been an application for leave to file such a petition we shall consider the petition itself as such an application.

The petition seeks to have this Court order the respondent Warden of the Oregon State Penitentiary to permit petitioner, a prisoner in respondent's custody, to have access to law books and to borrow from the Oregon State Library and elsewhere law books and other legal materials to enable petitioner to inform himself as to the law relating to his rights so that petitioner may intelligently prepare and make a petition for a writ of habeas corpus. He alleges that respondent has made and enforced a rule prohibiting him from procuring legal materials and other information through an exchange with other prisoners in the institution; that the Warden has prevented his mailing letters and other communications to various persons on the ground that the envelopes containing the same were sealed contrary to the rules of the penitentiary; that such rule prohibiting sealed letters to be mailed was applied to prevent the mailing of letters to the Judge of the United States District Court of the District of Oregon, to a Judge of Jackson County Circuit Court of Medford, Oregon, to the Chief Justice of the United States, and to the County Clerk of Jackson County Oregon. He complains that such notes, papers and legal materials which are in his possession are taken away from him each evening and he is not permitted to have them except from some time in the morning after 8 o'clock until about 3:30 P.M. when they are again taken away from him; that some of his notes have been destroyed; and he says that unless he can have access to bound volumes of law he cannot have any recourse to the courts since without citing authorities or precedents he would not know how to make a case since he is a layman and untrained in the law.

The petition does disclose that petitioner has not been denied an opportunity to file complaints or petitions with various courts. He has presented this petition to this court and it discloses that a substantially identical petition was presented by him to the United States District Court for the District of Oregon about December 27, 1956. It also appears from his petition that on or about August 10, 1955, he filed a "Petition for Writ of Mandamus" in the Circuit Court of Marian County, Oregon, which thereafter was considered and denied by that court.

Although the petition presented to us shows that his similar petition presented to the District Court was rejected on the ground that the court was without jurisdiction to entertain it, on January 10, 1957, it does not appear that petitioner attempted to appeal from that action. Seemingly he has assumed that because the district court rejected the petition he is now permitted to file an identical petition in this court.

Generally speaking this court has no jurisdiction to issue a writ of mandamus otherwise than in aid of its appellate jurisdiction. If petitioner felt aggrieved by the order of the district court his only remedy was to appeal. While informal documents of this type might possibly be treated as an attempted appeal,[1] yet we would have no jurisdiction of an appeal for the reason that the district court was correct in reciting in its order that it was without jurisdiction. A federal court has no jurisdiction to supervise the administration of a state penitentiary by its warden. If petitioner were to apply to the district court for a writ of habeas corpus, then that court might in a proper case consider whether the conduct of the warden and the penitentiary authorities was such as to make petitioner's resort to the state court remedies impossible so that the federal court might assume jurisdiction as was done in

1. Cf. Jordan v. United States District Court, 98 U.S.App.D.C. 160, 233 F.2d 362, 365 (petition for mandamus treated as the equivalent of taking of an appeal). The case was reversed on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114. Also see Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346, 349.

United States ex rel. Bongiorno v. Ragen, D.C., 54 F.Supp. 973. Cf. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct 262, 95 L.Ed. 215; Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L. Ed. 1034; and Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L. Ed. 1453; Ex Parte Robinson, 112 Cal. App.2d 626, 246 P.2d 982.

■ Petitioner complains that a petition for a writ of habeas corpus is impossible because he has had no opportunity to study enough law to find out whether he could ask for such relief or how to go about seeking it. The petition presented here and to the district court is deficient in that it fails to state any reason whatever why petitioner thinks that his constitutional rights may have been denied at the time he was prosecuted and found guilty. If petitioner were given an opportunity to study some law, one of the things he would learn would be that a petition for a writ of habeas corpus properly contains allegations of fact alone, and that legal arguments are not a proper part thereof. Petitioner is under no greater disability than any layman who, hoping that he has a cause of action, proceeds to recite the facts of his case to his legal advisor. § 2242 of Title 28 U.S.C.A. relating to applications for writs of habeas corpus, makes plain that such an application does not have to take any particular form, and liberal provision is made for the amendment and supplementing of such an application. It is the rule of the federal courts that such applications when drawn by laymen will be given a most liberal interpretation, Thomas v. Teets, 9 Cir., 205 F.2d 236, 238, and the federal judges are wont to extend themselves to aid any bona fide effort to present a claim. See for example the action of Judge Barnes in United States ex rel. Bongiorno v. Ragen, supra. When the case of Chessman v. Teets, 9 Cir., 239 F.2d 205, was in the district court, 138 F.Supp. 761, Judge Goodman made several orders during the pendency of the case to facilitate the petitioner's consultation with counsel and with witnesses in preparation for the hearing. But in the Ragen case and in the Chessman case, the district courts had jurisdiction because a case which they were authorized to entertain had been filed in these courts.

As we have no jurisdiction to entertain the application presented here, it is ordered that leave to file such petition is denied, and the Clerk is directed not to file same.