[Civ. No. 10402. Third Dist. Mar. 9, 1962.]

CHARLES HENRY SNEBOLD, Plaintiff and Appellant, v. THE JUSTICE COURT FOR THE FOLSOM JUDICIAL DISTRICT OF SACRAMENTO COUNTY et al., Defendants and Respondents.

Charles Henry Snebold, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and C. Michael Gianola, Deputy Attorney General, for Defendants and Respondents.

PIERCE, J.—Petitioner appeals in propria persona from an order of the Superior Court in and for the County of Sacramento, denying a petition for a writ of mandate to compel R. J. Ronchi, as Justice of the Peace of the Justice Court for the Folsom Judicial District, to file a small claims action in which said petitioner seeks to recover from Robert A. Heinze, as Warden of the California State Prison at Folsom a sum of money under $50 alleged to be illegally detained and withheld by said warden. ▉ Petitioner is an inmate of said prison. Consequently, he has no right to file a civil action as section 2600 of the Penal Code provides, in part:

"A sentence of imprisonment in a state prison . . . suspends all the civil rights of the person so sentenced. . . ."

▉ As stated by this court in *In re Robinson*, 112 Cal. App.2d 626, 629 [246 P.2d 982] :

"While the state may, pursuant to section 2600 of the Penal Code, suspend the civil rights of a prisoner imprisoned in a state prison insofar as the right to file ordinary civil actions is concerned, yet the state has no power to deny a person the right to file in any court a petition or other document which purports to seek some remedy or relief relating to the offense for which he was imprisoned."

Here, appellant seeks no remedy or relief falling within the exception stated.

There is no merit in appellant's contentions that he has not lost his civil rights, or that Penal Code section 2600 is unconstitutional.

▉ As pointed out by our Supreme Court in *In re Ferguson*, 55 Cal.2d 663, 671 [12 Cal.Rptr. 753, 361 P.2d 417] :

". . . [I]nmates of state prisons may not be allowed to

assert the usual federal constitutional rights guaranteed to nonincarcerated citizens. [Citing cases] Rather, the United States Supreme Court has recognized that: 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' (*Price* v. *Johnston,* 334 U.S. 266, 285 [68 S.Ct. 1049, 92 L.Ed. 1356]; see also *Tabor* v. *Hardwick,* 224 F.2d 526, 529.)''

The order appealed from is affirmed.

Peek, P. J., and Schottky, J., concurred.