[Crim. No. 2402.   Fourth Dist., Div. One.   June 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. RAY GRANT TUTTLE, Defendant and Appellant.

Daniel B. Hunter for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant forged the signature of the payor on at least 10 checks; cashed them; received $652.80 from the persons cashing such; and was convicted of eight counts of forgery in connection therewith. Upon his arrest the police removed from his person $726.56, and took from his possession items of personal property consisting of cartons of cigarettes, 50 bottles of 7-UP and several bottles of various types of liquor. At his trial on the forgery charges the court admitted in evidence as exhibits, upon offer by the prosecution, some of the property, including money, taken from defendant at the time of his arrest. That part thereof not introduced in evidence was retained by the police. After his conviction became final he moved the court to order the return to him of all of the property aforesaid. His motion was denied. He appeals.

The People moved to dismiss the appeal upon the ground the order denying defendant's motion is not appealable. He replies that the order comes within the provisions of subdivision 3, section 1237 of the Penal Code which permits him to appeal from "any order made after judgment, affecting the substantial rights of the party."

That part of defendant's motion directed to the return of the property admitted in evidence as an exhibit was made pursuant to section 1418 of the Penal Code which provides in part: "The court *may,* on application of the party entitled thereto, or an agent designated in writing by the owner, order all such exhibits, . . . , as may be released from the custody of the court without prejudice to the state, delivered to such party any time after the final determination of the action or proceeding." (Italics ours.) By express terms this provision of the statute is permissive in nature rather than mandatory; authorizes the court, in its discretion, to release exhibits; and does not confer upon the party entitled thereto a right to obtain their release. Other provisions of the statute authorize the court to dispose of such exhibits when the "party entitled" to them is unknown. Considered as a whole, the statute is merely a housekeeping measure authorizing the court to dispose of exhibits in its custody. Indicative of the discretionary nature of the statute is the contrast between Penal Code section 1418, which provides the court *"may"* order the release of exhibits, and Penal Code sections 1408 and 1409 which provide, under designated circumstances, the court *"must"* order the property in the custody of a peace officer or of a magistrate to be delivered to the owner. The latter code sections have been held unconstitutional because they contain

no provision for giving notice of proceedings thereunder to interested parties or permitting them to be heard, and thus violate the constitutional guarantee of due process. (*People* v. *Lawrence*, 140 Cal.App.2d 133 [295 P.2d 4]; *Modern Loan Co.* v. *Police Court*, 12 Cal.App. 582 [108 P. 56].) If that part of section 1418 upon which defendant relies is interpreted as conferring a right upon the party claiming to be entitled to exhibits, rather than as furnishing a procedure to clear the court's files, it would be subject to the meritorious claim of unconstitutionality that invalidates sections 1408 and 1409.

Where reasonable, an interpretation of a statute supporting its constitutionality will be accepted over that invalidating it as unconstitutional. (Civ. Code, § 3541; *County of Los Angeles* v. *Legg*, 5 Cal.2d 349, 353 [55 P.2d 206].) The foregoing circumstances dictate the conclusion that the subject statute did not effect a procedure whereby the defendant could assert and adjudicate his right to the money in evidence as an exhibit.

In any event, an order denying the application of a defendant in a criminal action for the release to him of exhibits he claims as the "party entitled thereto" does not affect any substantial right which was a subject of that action. The proceeding resulting in such an order is entirely separate from the criminal proceeding as such because it does not involve in any manner the charge against defendant or his rights as affected by that charge. Under these circumstances, an order in such a proceeding is not appealable within the purview of Penal Code section 1237, subdivision 3.

Insofar as defendant's motion was directed to the return of property not admitted in evidence but remaining in the custody of the police, it is wholly without statutory authorization; obviously is not directed to the criminal action resulting in defendant's conviction; and the order therein could not have affected any substantial right subject to that action. As a consequence, this part of the subject order likewise is not appealable within the purview of Penal Code section 1237, subdivision 3.

Defendant has mistaken his remedy. His right to the property taken from him may be adjudicated in an appropriate proceeding other than in the criminal action resulting in his conviction.

The purported appeal from the order denying defendant's motion after final judgment is dismissed.

Brown, P. J., concurred.