[Crim. No. 25136. Second Dist., Div. Four. Jan. 6, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
ARNOLD LEDFORD HOPKINS, Defendant and Appellant.

**COUNSEL**

Arnold Ledford Hopkins, in pro. per., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FILES, P. J.**—Arnold Ledford Hopkins was convicted of robbery in the superior court in Los Angeles County in 1973 and is presently confined in Folsom State Prison. His appeal from the robbery conviction was affirmed by this court (2 Crim. No. 24080, unpublished opinion, filed April 16, 1974).

Sometime prior to January 18, 1974, defendant submitted to the

superior court what he denominated a petition for writ of mandate, bearing the filing number and caption of the robbery case.[1] By that petition he asked the court to compel Officer J. V. Rodriguez of the Burbank Police Department to return the sum of $1004.30 which had been taken from Hopkins at the time of his arrest for the robbery. He further alleged that the money had not been used as evidence at his trial, and that at the close of his criminal trial his motion for return of the money had been denied without prejudice to his bringing a civil action for it.

Hopkins also sent to the court a request that he be brought to Los Angeles County for the hearing on his petition.

The city attorney filed a "memorandum of points and authorities in opposition to petition for writ of mandate" asserting that the money in question had been taken from the robbery victim.

The superior court declined to order that Hopkins be brought personally before the court. On January 18, 1974, the court made a minute order denying Hopkins' petition "for lack of jurisdiction."

Hopkins filed a notice of appeal from that order, which brought the matter here.

 Under some circumstances a trial court has jurisdiction to order the police to return to a defendant property seized as evidence of crime. (See *Flack* v. *Municipal Court* (1967) 66 Cal.2d 981, 984 [59 Cal.Rptr. 872, 429 P.2d 192]; *People* v. *Gershenhorn* (1964) 225 Cal.App.2d 122, 125 [37 Cal.Rptr. 176]; *Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361 [38 Cal.Rptr. 576]; *People* v. *Superior Court (Loar)* (1972) 28 Cal.App.3d 600, 607 [104 Cal.Rptr. 876]; *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085 [102 Cal.Rptr. 494].) Under the reasoning of those cases, the nonstatutory motion for the return of the seized property is a "separate proceeding" within the criminal proceeding, under the inherent power of the court to control property seized for the court's use. The Penal Code makes no provision for an appeal from any such ruling and, hence, the order is not appealable.[2] (*People* v. *Tuttle* (1966) 242

---

[1]The petition contains an affidavit of service dated November 28, 1973. The filing stamp on the petition is dated January 18, 1974, which was the day when a proceeding was held in open court, with a deputy city attorney of Burbank present. Apparently the superior court had received the petition at an earlier time.

[2]But see *People* v. *Freeny* (1974) 37 Cal.App.3d 20, 30 [112 Cal.Rptr. 33], which was an appeal from a judgment of conviction of the crime of sale of heroin, where the Court of Appeal reviewed and expressed approval of an order of the superior court denying the defendant's motion for the return of cash which had not been offered in evidence and which had been seized by the Franchise Tax Board for a personal income tax deficiency.

Cal.App.2d 883, 885 [52 Cal.Rptr. 204]; *People* v. *Gershenhorn, supra;* see *Flack* v. *Municipal Court, supra; People* v. *Superior Court, supra,* at p. 621.)

Hopkins' January 1974 motion in the superior court cannot be treated as an independent civil proceeding in mandate because Penal Code section 2600 suspends the right of an imprisoned felon to bring a civil action without the consent of the Adult Authority. (*Snebold* v. *Justice Court* (1962) 201 Cal.App.2d 152 [19 Cal.Rptr. 704].)

The situation here presented is to be distinguished from that in *People* v. *Lawrence* (1956) 140 Cal.App.2d 133 [295 P.2d 4]. In that case, after Lawrence had been acquitted of an alleged theft of money, the insurance carrier for the alleged victim requested the court to turn over to it the money which had been seized from Lawrence at the time of his arrest. Lawrence was then in prison by reason of his conviction upon another theft count. Lawrence wrote a letter to the court claiming the money and explaining his inability to be present. The trial court then made an order awarding the money to the insurance company, from which Lawrence appealed. The Court of Appeal reversed upon the ground that it was a denial of due process to adjudicate the ownership of the money, as between the rival claimants, without giving one of them the opportunity to be heard.

In *Lawrence* the order appealed from was the equivalent of a judgment in a civil action determining ownership of property as between two adverse claimants. That is different from the situation where, in the course of a criminal proceeding, the court is called upon to adjudicate a right of possession of property as between a policeman, who does not claim ownership, and the defendant. (See discussion in *People* v. *Superior Court (Loar) supra,* 28 Cal.App.3d at p. 610.)

The case at bench involves only a determination by the trial court that the nonstatutory procedure was not appropriate for the adjudication of Hopkins' claim. Under the authorities cited above the trial court's denial of relief is not appealable.

The appeal is dismissed.

Jefferson, J., and Dunn, J., concurred.

A petition for a rehearing was denied January 22, 1975, and appellant's petition for a hearing by the Supreme Court was denied April 2, 1975.