[Civ. No. 15089. Third Dist. July 31, 1975.]

LOUIS WATSON ESPINOSA, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Robert N. Chargin, Public Defender, and Craig M. Holmes, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and J. Robert Jibson, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petition for writ of mandate following denial by the trial court of petitioner's motions to vacate an order confiscating his personal property and to return evidence to him pursuant to Penal Code section 1418.[1]

Petitioner had been charged with assault with a deadly weapon on a peace officer. (§ 245, subd. (b).) Upon his arrest at his residence, petitioner had certain weapons in his immediate possession. The police seized the weapons, two handguns and a rifle and ammunition belonging thereto. Ultimately, petitioner was acquitted of the criminal charge at jury trial. Instead of returning to petitioner his weapons and ammunition, the trial court offered petitioner his choice between the two handguns, a derringer and a .38 caliber revolver, and ordered confiscation of the handgun not selected, the rifle and the ammunition.

Thereafter, petitioner filed the previously described motions, alleging therein his ownership of the confiscated property and that it was in the court's possession. The motions were denied.

[1]All section references hereinafter are to the Penal Code.

Petitioner contends that the trial court had no discretion other than to return to him his firearms and ammunition upon his acquittal. Petitioner further contends that a writ of mandate is an appropriate proceeding by which to seek redress in that the post-trial order denying return of his weapons is nonappealable. The Attorney General does not contend that petitioner's request for extraordinary relief is inappropriate. We therefore address the merits.[2]

Section 12028 provides in pertinent part as follows: "(a) The unlawful concealed carrying upon the person or within the vehicle of the carrier of any of the weapons mentioned in section 653k, 12020, or 12025 is a nuisance.[3]

"(b) A firearm of any nature used in the commission of any misdemeanor as provided in this code or any felony, or an attempt to commit any misdemeanor as provided in this code or any felony, is, upon a conviction of the defendant, a nuisance.

"(c) Any weapon described in subdivision (a), or, upon conviction of defendant, any weapon described in subdivision (b), shall be surrendered to [a law enforcement official] . . . ." The section thereafter provides in certain cases for the sale, destruction or retention of weapons so seized.

Section 1418 provides for the release of certain exhibits introduced in evidence in a criminal action after the final determination of the action upon application of the party entitled to the property if the same "may be released from the custody of the court without prejudice to the state." Section 1418 does "not apply to any dangerous or deadly weapons, narcotic or poison drugs, explosives, or any property of any kind or character whatsoever the possession of which is prohibited by law, used by a defendant in the commission of a crime of which he was convicted, or with which he was armed or which he had upon his person at the time of his arrest." (§ 1419.) Property so characterized shall be by court order destroyed, sold, or otherwise disposed of. (§ 1419.)

---

[2]For authority holding that a petition for writ of mandate is the appropriate relief in this instance, see, e.g., *People* v. *Gershenhorn* (1964) 225 Cal.App.2d 122, 125-126 [37 Cal.Rptr. 176] and *People* v. *Tuttle* (1966) 242 Cal.App.2d 883, 885 [52 Cal.Rptr. 204].

[3]Section 653k defines the offense of carrying or furnishing a switchblade knife. Section 12020 prohibits the possession, sale, manufacture, etc., of blackjacks, various types of clubs and sharp instruments, sawed-off shotguns and rifles or explosive substances. Section 12025 condemns the concealed carrying upon the person or in a vehicle of a pistol, revolver, or other small arm without a license to do so.

Petitioner was arrested at his own residence and the weapons were in his possession therein. Section 12026 provides that it is not unlawful to own, possess or keep a pistol, revolver, or other firearm capable of being concealed upon the person without a license to do so in one's own residence or place of business. Thus, petitioner's possession of the weapons within his home was not "unlawful" and consequently not a nuisance within the meaning of subdivision (a) of section 12028. Furthermore, petitioner's acquittal of the criminal charge against him precludes confiscation of the weapons under authority of subdivision (b) of section 12028. It is obvious therefore that section 12028 does not authorize the confiscation, sale, retention, or destruction of petitioner's weapons.

Petitioner contends that although section 1418 is cast in language generally interpreted as discretionary where, as here, there is no question as to the ownership of the evidence, the trial court has no discretion to refrain from ordering return. The Attorney General contends that the language of the section ("as may be released from the custody of the court without prejudice to the state") is permissive, vesting discretion in the court and requiring a weighing of possible danger to the citizens of the community in allowing certain types of persons to possess arms. The trial court considered psychiatric evaluations of petitioner and concluded therefrom that return of the weapons "would be prejudicial to the State and its citizens because of the inherent potential danger of the person having those weapons."[4]

Section 1418 has been construed adversely to the position taken by the Attorney General. In *Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884 [103 Cal.Rptr. 354], where there was no question that the claimant was the owner of the seized property, the court concluded: "If we were to construe the challenged portion of section 1418 as being permissive so as to empower a court in its discretion to withhold property under its jurisdiction from the party entitled thereto, the section would be open to serious constitutional doubt. The right to regain possession of one's property is a substantial right which may not be dependent upon the whim and caprice of a court. [Citations.] We apprehend that an interpretation of section 1418 as being permissive does far more violence to the concepts of due process than does the interpretation that it is

---

[4]The logic of this statement is dubious since petitioner was earlier allowed his choice between two of the handguns and chose the .38 caliber revolver which was returned to him.

mandatory." (*Franklin* v. *Municipal Court, supra,* at pp. 896-897.)[5] We are persuaded by the reasoning of the *Franklin* court that section 1418 imposes a mandatory duty upon the court in the circumstances of this case. Moreover, the resolution of this case does not require that we fix with precision the definition of the phrase "without prejudice to the state" in order to rationalize it with the mandatory character of the statute of which it is a part. It is sufficient for present purposes to point out that any effort to engraft considerations of public safety into the phrase "without prejudice to the state" does no more than emphasize the discretionary construction rejected in *Franklin.*

Despite the mandatory character of section 1418, the question still to be answered is whether petitioner had a right to the return of the weapons. Section 1419, quoted above, prohibits return of any dangerous or deadly weapons "used by a defendant in the commission of the crime of which he was convicted, *or with which he was armed or which he had upon his person at the time of his arrest.*" (Italics ours.) The italicized portion of the quoted language is open to two constructions. One interpretation would limit confiscation of weapons with which a defendant is personally armed at the time of arrest to those situations where the defendant is subsequently convicted. ■ Under the alternative interpretation, conviction would not be a prerequisite to confiscation of such weapons.

The latter construction would conflict with section 12026 which permits possession of concealable weapons within one's home or place of business without a license. Such a construction would in certain cases require confiscation of weapons legally possessed by a defendant subsequently exonerated of all criminal charges and would open the provision to serious constitutional doubt. "The right to regain possession of one's property is a substantial right . . . ." (*Franklin* v. *Municipal Court, supra,* 26 Cal.App.3d at p. 896.) The Legislature cannot expropriate private property by mere legislative enactment without violating preeminent principles of constitutional law. (*Charnock* v. *Rose* (1886) 70 Cal. 189, 191 [11 P. 625]; Cal. Const., art. I, § 15, formerly art. I, § 13.)

■ " ' "It is an established principle of statutory construction that when two alternative interpretations are presented, one of which would

---

[5]The *Franklin* court rejected the reasoning upon which the court in *People* v. *Tuttle, supra,* 242 Cal.App.2d 883, held that section 1418 is permissive rather than mandatory. In light of the fact that the Attorney General does not rely on *Tuttle,* we see no reason further to discuss that case.

be unconstitutional and the other constitutional, the court will choose that construction which will uphold the validity of the statute and will be constitutional." ' " (*Franklin* v. *Municipal Court, supra,* at p. 896, and authorities cited therein.)

Accordingly, we hold that section 1419 does not authorize the confiscation, destruction or retention of dangerous or deadly weapons lawfully possessed by one at the time of his arrest upon charges of which he is subsequently exonerated.

The instant factual situation is therefore not within the exceptions to section 1418 contained in section 1419. Since section 1418 imposes a mandatory duty upon the court in the existent circumstances, a peremptory writ of mandate will issue directing the trial court to vacate its orders confiscating petitioner's property and denying petitioner's motions for return of his property and to order the same restored to him.

Regan, J., and Paras, J., concurred.