TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---------------------------------------------------------------
                                :
        OPINION                 :       No. 87-301
                                :
          of                    :       DECEMBER 22, 1987
                                :
JOHN K. VAN DE KAMP             :
  Attorney General              :
                                :
  CLAYTON P. ROCHE              :
Deputy Attorney General         :
                                :
---------------------------------------------------------------


THE HONORABLE THOMAS W. SNEDDON, JR., DISTRICT ATTORNEY, SANTA BARBARA COUNTY, has requested an opinion on the following question:

Can section 556 of the Penal Code be constitutionally applied to a candidate for public office?

CONCLUSION

Section 556 of the Penal Code is applicable only to commercial advertising. Accordingly, it is not applicable to campaign signs of candidates for public office.

ANALYSIS

Section 556 of the Penal Code provides as follows:[1]

"It is a misdemeanor for any person to place or maintain, or cause to be placed or maintained without lawful permission upon any property of the State, or of a city or of a county, any sign, picture, transparency, advertisement, or mechanical

---

[1]All section references are to the Penal Code unless otherwise indicated.

1.                                                              87-301

device which is used for the purpose of advertising or which advertises or brings to notice any person, article of merchandise, business or profession, or anything that is to be or has been sold, bartered, or given away."

Section 556 is one of a series of sections which were first enacted in 1911 (Stats. 1911, ch. 487) and remained as an uncodified act until their incorporation into the Penal Code, without substantial change, in 1953. (Stats. 1953, ch. 32.)

Section 556.1 prohibits the same conduct as does section 556, but on private property "without the consent of the owner, lessee, or person in lawful possession of such property."

Section 556.2 then provides exceptions to the foregoing prohibitions. It states:

"Section 556 and 556.1 do not prevent the posting of any notice required by law or order of any court, to be posted, nor the posting or placing of any notice, particularly pertaining to the grounds or premises upon which the notice is so posted or placed, nor the posting or placing of any notice, sign, or devise used exclusively for giving public notice of the name, direction or condition of any highway, street, lane, road or alley."

Section 556.3 finally provides that "[a]ny sign, picture, transparency, advertisement, or mechanical device placed on any property contrary to the provisions of sections 556 and 556.1, is a public nuisance."

This opinion posits the question whether section 556 can be applied to political advertising by virtue of the free speech clauses of the United States Constitution and the California Constitution.[2]

We conclude that section 556 is applicable only to commercial advertising. Accordingly, by its own terms it is not applicable to campaign signs of candidates for public office.

Initially, we note that the term "advertising" is not limited to commercial messages, but is merely the action of calling something to the attention of the public, including "political

---

2. The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech. . . ." This amendment is applicable to the states by virtue of the Due Process Clause of the Fourteenth Amendment.

See also California Constitution, article l, section 2.

"(a) Every person may freely speak, write or publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

advertising" or even "personal advertising." (See <u>Metromedia, Inc</u>. v. <u>City of San Diego</u> (1982) 32 Cal.3d 180, 188.)  It is clear that the term "advertising" encompassed political advertising even in 1911, when the predecessor to section 556 was first enacted.  (See, e.g. definition of "advertise" in Webster's International Dictionary, 1903 Edition, page 26, as including "2. To give public notice of . . . a political meeting.")

We also note initially that the First Amendment enjoys a preferred position in our law.  "[I]t can hardly be doubted that the constitutional guarantee [of free speech] has its fullest and most urgent application precisely to the conduct of campaigns for political office" (<u>Monitor Patriot Co.</u> v. <u>Roy</u> (1971) 401 U.S. 265, 272) so "that candidates have the unfettered opportunity to make views known" (<u>Buckly</u> v. <u>Valeo</u> (1976) 424 U.S. 1, 52-53).

Finally, we note that despite this preferred position free speech enjoys in our system of jurisprudence, recent cases decided by both the California courts and the United States Supreme Court have upheld the application of local ordinances prohibiting the placement of advertising on public property to political advertising.  (See <u>Sussli</u> v. <u>City of San Mateo</u> (1981) 120 Cal.App.3d 1; <u>City Council of Los Angeles</u> v. <u>Taxpayers for Vincent</u> (1984) 466 U.S. 789.)  Accordingly, if section 556 can be reasonably construed to apply only to commercial advertising, the constitutional issue presented herein may be avoided.

Section 556 et seq. and its predecessor, Statutes of 1911, chapter 487, have never been construed or even cited by the courts.  ". . . it is our duty to uphold a statute unless its unconstitutionality clearly, positively, and unmistakenly appears; all presumptions and intendments favor its validity." (<u>M</u>ills v. <u>Superior Court</u> (1986) 42 Cal.3d 951).  As also stated by the California Supreme Court in <u>Metromedia, Inc.</u> v. <u>City of San Diego</u>, <u>supra</u>, 32 Cal.3d 180, 186, where it faced a question similar to the question of interpretation presented herein:

"We first consider the question of interpreting the term 'outdoor advertising display signs' to limit it to commercial signs.  Judicial doctrine governing construction of a law to avoid unconstitutionality is well settled.  If 'the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, the statute will be given that meaning, rather than another in conflict with the Constitution,' (<u>County of Los Angeles</u>  v. <u>Legg</u> (1936) 5 Cal.2d 349, 353 [55 P.2d 206]; <u>People</u> v. <u>David</u> (1968) 68 Cal.2d 481, 483-484 [67 Cal.Rptr. 547, 439 P.2d 651]; <u>San Francisco Unified School Dist.</u> v. <u>Johnson</u> (1971) 3 Cal.3d 937, 948 [92 Cal.Rptr. 309, 479 P.2d 669].)  Consequently, '[i]f feasible within bounds set by their words and purposes, statutes should be construed to preserve their constitutionality.' (<u>Conservatorship of Hofferber</u> (1980) 28 Cal.3d 161, 175 [167 Cal.Rptr. 854, 616 P.2d 836].)"

Returning to the language of section 556, we could interpret the section as applying to all advertising, including noncommercial advertising such as political displays.  This is so because the word "advertisement" is found by itself in the first part of section 556 in the phrase "any sign,

picture, transparency, advertisement, or mechanical device used for the purpose of advertising." All of this enumeration stands without any clear modifiers designating a commercial purpose. It is not until the next series of phrases following the disjunctive "or" that there is any reference in the statute to any commercial activity as the purpose for the advertising ("or which advertises or brings to notice any person, article of merchandise, business or profession, or anything that is to be or has been sold bartered or given away."). Accordingly, we could conclude that section 556 applies to all advertising, including noncommercial advertising.

We reject this interpretation for a number of reasons. First of all, if section 556 were to be bisected at the disjunctive "or" as set forth above, there would be no need for the second part of the section. All the language following the word "or" and which ultimately contains the modifiers as to commercial activity would be surplusage. The first part of the section would already include all advertising, both commercial and noncommercial. However, "[i]t is an elementary rule of statutory construction that, if possible, every word and phrase of a statute should be given significance in order to effect the legislative intent." (Steinberg v. Amplica, Inc. (1986) 42 Cal.3d 1198, 1205.) "'[A] construction making some words surplusage is to be avoided.'" (Moyer v. Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230.)

We can, however, give meaning to the second portion of section 556, and accordingly to the whole statute, if we construe the second portion of the statute to modify or explain the first part. By doing so, the first part of the statute, that is, "any sign, picture, transparency, advertisement, or mechanical device" will be items which also "bring [] to notice any person, article of merchandise, business or profession, or anything that is to be or has been sold, bartered or given away." So construed, the only words remaining in the statute which would then not clearly relate to a commercial activity would be the words "any person". However, taken in context, these words should also be construed to relate to the commercial activities of such persons, such as a profession or other commercial calling, for example, law or medicine.

That this construction is correct is confirmed by an examination of the original wording of the statute as enacted by Statutes of 1911, chapter 487. As originally enacted, the predecessor provision to section 556 provided:

> "SECTION 1. It shall be unlawful for any person, persons or corporation to place, cause to be placed or to maintain, or cause to be maintained without lawful permission on or upon any property, either real or personal, belonging to the State of California, or to any city, city and county or county in the State of California, any sign, picture, transparency, advertisement or mechanical device which is used for the purpose of or which does advertise or bring to notice any person or persons or article or articles of merchandise or any business or profession or anything that is to be or has been sold, bartered or given away. (Emphasis added.)

Accordingly, whereas section 556 presently has the transitional language "which is used for the purpose of advertising or which advertises or brings to notice," etc., which conceivably permits

bifurcation at the disjunctive "or," the original wording in 1911 was "which is used for the purpose of or which does advertise or bring to notice," etc. This latter language does not permit such bifurcation. In short, the transitional language of the original statute demonstrates clearly that the first half of the statute is to be read with and modified by the second half.

That no change in the meaning of the statute was intended by this slight change in language or sentence structure is confirmed by the legislative history of section 556. Section 556 was enacted by Assembly Bill No. 1909 (Caldecott), 1953 Legislature. That bill codified some sixteen uncodified acts into the Penal Code. A letter from the California Code Commission to Governor Earl Warren, dated, March 24, 1953 concerning that bill stated:

"The bill was prepared and is recommended by the California Code Commission. It makes no change in the existing law. . . ."

Code Commission notes and comments are strong evidence of legislative intent. (People v. Wiley (1976) 18 Cal.3d 162, 171; People v. Williams (1976) 16 Cal.3d 663, 667-668; Li v. Yellow Cab (1975) 13 Cal.3d 804, 817.)

Accordingly, we conclude that section 556 was intended to apply only to commercial advertising. As such it is not applicable to campaign signs of candidates for public office.[3]

* * * *

_____

[3]We do believe, however, that under proper circumstances section 556 can be constitutionally applied to commercial advertising. Commercial advertising has recently been brought under the umbrella of free speech protection. (See Central Hudson Gas & Elec. v. Public Serv. Commission (1980) 447 U.S. 557, 566.) Such advertising, however, may be regulated to advance a substantial governmental interest if such regulations are no more extensive than necessary to further that interest. (Ibid.)

Initially, section 556 would have to be read together with other state or local regulations to determine whether a posting on public property was "without lawful permission." If so, then the regulations themselves would have to be analyzed to determine if they complied with all legal requirements as enunciated by the courts. We do note that under the current case law it appears that the government could constitutionally prohibit all commercial postings on all public property. (See Metromedia, Inc. v. City of San Diego (1980) 453 U.S. 490; City Council of Los Angeles v. Taxpayers for Vincent (1984) 466 U.S. 789; Sussli v. City of San Mateo (1981) 120 Cal.App.3d 1.)