Filed 11/1/23  P. v. Savary C2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B325727 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. Nos. KA094210, KA083613 |
| v. | |
| KEFFIER HORACE SAVARY, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Appeal dismissed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal from orders denying a motion for return of property, a *Pitchess* motion, a motion to allow family visitation, a motion to reduce the restitution fine, a petition to recall sentence, a motion for new trial or to reduce the murder to manslaughter, a motion for a new trial on the conspiracy count, and a motion for release from custody due to the Covid pandemic. We dismiss the appeal.

## BACKGROUND

In 2012, a jury convicted appellant Keffier Horace Savary of first degree murder with personal use and discharge of a firearm in case No. KA083613. A second jury also convicted him of dissuading a witness and conspiracy to commit murder in case No. KA094210. On February 28, 2013, Savary was sentenced on both cases to an overall term of 77 years-to-life in prison: 25 years for murder; 25 years for the firearm enhancement; 25 years for conspiracy to commit murder; and 2 years for dissuading a witness. The convictions and findings were affirmed on appeal. (*People v. Savary (*Feb. 3, 2015, B247512) [nonpub. opn.].)

Ten years later, in July 2022, Savary filed, in both cases, a "MOTION FOR RETURN OF PERSONAL PROPERTY (FORMAL) AND PITCHESS MOTION – SENATE BILL 1421, SENATE BILL 16." On August 1, 2022, in both cases, appellant filed a "MOTION FOR 'COURT ORDER' ALLOWING FAMILY VISITS BETWEEN DEFENDANT AND HIS WIFE, AND BETWEEN DEFENDANT AND HIS GRANDMOTHER & MOTION TO DISMISS OR REDUCE RESTITUTION FINE." On August 1, 2022, in both cases, Savary filed a "PETITION FOR RECALL OF SENTENCING WITH MOTION FOR NEW TRIAL OR REDUCE FIRST DEGREE MURDER TO

2

MANSLAUGHTER, ORDER NEW TRIAL FOR CONSPIRACY MURDER OR DISMISS CONSPIRACY, & COVID RELEASE FROM CUSTODY."

On August 26, 2022, in both cases, the trial court summarily denied all motions, finding "There is no substantial right the defendant is attempting to enforce." On September 14, 2022, Savary timely filed notices of appeal from the denial of all motions in both cases.

We appointed counsel to represent appellant on appeal. On August 9, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us he had told appellant he may file his own supplemental brief within 30 days. Counsel sent appellant transcripts of the record on appeal as well as a copy of the brief.

On August 9, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. We advised appellant he had 30 days within which to submit a supplemental brief or letter stating any ground for appeal he believes we should consider. We also advised appellant that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

Appellant filed a supplemental brief. He contends: 1) Detective Jose Espino stole his property and gave it to witness Tiemeyer McCain as payment for false testimony, which was unknown to the court, the defense, and the jury; 2) the property is exculpatory or mitigating evidence because if the jury knew the witness was being paid for false testimony, the witness would not have been believed and he would not have been convicted; 3) the *Pitchess* motion should have been granted because Espino was a "dirty cop"; 4) Savary was inappropriately denied the opportunity to participate in the privilege of family visitation while

3

incarcerated; 5) the court should circumvent the resentencing process under Penal Code section 1170, subdivision (d), and recall his sentence without waiting for a recommendation from the California Department of Corrections and Rehabilitation, based on his military service, exceptional conduct and good behavior while incarcerated; 6) the trial court should have released his "property records" which are being held by the court.

As a general rule when a defendant is committed and execution of the sentence begins, the trial court loses jurisdiction to reconsider, vacate or modify the sentence except as set out below. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. King* (2022) 77 Cal.App.5th 629, 634.) Where a trial court lacks jurisdiction to entertain a motion, the court of appeal has no appellate jurisdiction to entertain the appeal and it must be dismissed. (*Ibid.; People v. Dynes* (2018) 20 Cal.App.5th 523, 528; *People v. Clinton* (1966) 243 Cal.App.2d 284, 288.*)*

As to the contention that the court should recall Savary's sentence under Penal Code section 1170, subdivision (d) (renumbered now as Penal Code section 1172.1), the court's power to modify a sentence on its own motion is authorized only within 120 days of the date on which the sentence was imposed, or when and if the Department of Corrections and Rehabilitation has made a sentence modification recommendation to the court. Put another way, a defendant does not have the right to initiate resentencing under the statute. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724.) Because the court lacked jurisdiction to resentence Savary, the order denying the motion did not affect his substantial rights and the order is not appealable. (*Chlad,* at p. 1725–1726.)

An order denying a motion for return of property—whether or not the property has been admitted as evidence in a criminal trial—is not among the matters for which an appeal is permitted under Penal Code section 1237. (*People v. Hopkins* (2009) 171 Cal.App.4th 305, 308. The rulings as to Savary's property and property records are not appealable.

The motion for family visitation "is not directed to the criminal action resulting in defendant's conviction; and the order therein could not have affected any substantial right subject to that action." (*People v. Tuttle* (1966) 242 Cal.App.2d 883, 885.) In addition, it is not listed among any of the matters for which an appeal is authorized by Penal Code section 1237. The ruling is not appealable.

The remaining motions alleging Detective Espino's misconduct and Tiemeyer McCain's false testimony are waived as they were not timely raised in Savary's first appeal as of right. If they were discovered after judgment became final, they are properly raised by petition for habeas corpus rather than by motion in a trial court, which has no jurisdiction to adjudicate such motions where, as here, the judgment is final.

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY,  J.