[No. B060542. Second Dist., Div. Six. Nov. 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFRED JOHN DIMORA, Defendant and Appellant.

**COUNSEL**

Lauri K. Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Linda C. Johnson and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—Past cases have held it was error for a sentencing court to delegate to the probation department the determination of the amount and manner of restitution to be paid by a probationer. They have been superseded by the enactment of Penal Code section 1203.1k when the probationer consents to this procedure. Probationers who thereafter disagree with the amount or manner of restitution, may bring a motion in the trial court and object thereto. If still not satisfied the probationer may then appeal from the trial court's determination.

Alfred John DiMora was convicted by plea of two counts of communicating untrue material facts or omitting material facts in a private security offering. (Corp. Code, § 25401.) Probation was granted for five years on various terms and conditions, inter alia, that appellant serve two hundred seventy days in the county jail and that he pay restitution "as recommended by probation." He challenges the restitution order because the probation department subsequently notified him that he owes over a half million dollars in restitution.

Appellant originally pled no contest to these two counts in a negotiated disposition before Judge McMahon. The terms of that disposition were: (1) other counts would be dismissed, (2) no state prison, (3) five years probation, (4) up to one year in the county jail at the court's discretion, (5) $39,000 restitution to one of the victims, Mr. Van Damme, and (6) no other restitution to be ordered.

At the outset of the originally scheduled sentencing hearing, Judge McMahon declared that he was "biased and prejudiced" against appellant and his counsel, apparently based on the letter appellant's counsel sent to the probation department. Judge McMahon reset the matter for sentencing or withdrawal of the pleas before Judge Adams.

Thereafter, appellant's retained counsel withdrew and newly retained counsel was substituted in his stead. Appellant's new counsel moved to withdraw his previously entered pleas. The motion was granted. Appellant reentered no contest pleas to the same counts without any limitation on the amount of restitution. In taking the pleas, the prosecutor and appellant engaged in a lengthy colloquy which comprises 17 pages of the reporter's transcript and refers to the 8-page written plea agreement. The salient excerpts of the reporter's transcript are as follows:

"MR. GLOGOW [Prosecutor]: . . . the agreement that your lawyer and I have entered into is that you will spend no more than one year in a county

jail as a term and condition of five years formal probation, . . . *that's the only deal? Those are the terms of the deal?* [¶] THE DEFENDANT: *Correct.*" (Italics added.)

"MR. GLOGOW: If that happens [you violate probation], that judge who sends you to state prison can make you pay actual restitution up to $10,000. It does not mean that you will not be ordered to make restitution if you're placed on probation. *The matter of restitution, in any amount, is going to be up to this judge here.*" [¶] THE DEFENDANT: *I understand that.*" (Italics added.)

"MR. GLOGOW: There's something called a Harvey Waiver. [*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 296].] Let me read you what it says here. It says: [¶] 'You understand that for the purpose of aggravating or enhancing your sentence in this case, the court will consider the underlying facts of the charges and enhancements which are to be dismissed by the People in exchange for your plea of no contest to the other charges.' [¶] THE DEFENDANT: Yes.

"MR. GLOGOW: Do you understand that you have the right to be tried on the charges and enhancements which are to be dismissed, and that if those charges and enhancements were tried, you would have and could exercise all of the Constitutional rights that I have discussed with you up till this point; that is, specifically, your right to an attorney, to a jury trial, to testify or remain silent as you choose, to confront and cross-examine the witnesses against you, and to compel the attendance of witnesses for your defense. [¶] *Do you also understand that as to any dismissed charges at the time of the sentencing, the judge could order you to pay restitution for the dismissed charges?* [¶] *THE DEFENDANT: Yes.*" (Italics added.)

At the sentencing hearing, the prosecutor reminded the trial court that "[o]n the day of trial, as your Honor will recall, he reentered those pleas without, I want to stress, without the agreement that the restitution would be in the amount previously agreed on, nor to the individual to whom it was to go. *Restitution was left wide open.*" (Italics added.)

The original probation report prepared as a result of the first plea recommended $39,000 restitution to Mr. Van Damme which was consistent with the original negotiated disposition. The supplemental report prepared for the instant hearing requested restitution as directed by the probation department. At the sentencing hearing the prosecutor argued for broader restitution claiming the original figure was too low. The prosecutor argued that the investors had lost about three-quarters of a million dollars. Appellant did not claim that restitution was limited to $39,000.

Judge Adams sentenced appellant in accordance with the second negotiated disposition. Appellant was placed on probation for five years, ordered to serve two hundred seventy days in jail, and ordered to pay restitution "as recommended by the probation department." In doing so, Judge Adams expressly indicated that appellant could and would successfully abide by the terms and conditions of probation.[1]

Appellant signed the probation order below a paragraph which stated: "I have read and fully understand the above terms and conditions and accept them. . . ." Thus, appellant not only failed to object, he expressly and at the very least impliedly consented to the probation department's determining the amount and manner of restitution.[2]

■ Appellant's claim that the trial court erred in leaving the amount of restitution and the manner of its payment to the probation officer is without merit. Penal Code section 1203.1k, enacted in 1987 and subsequent to cases relied on by appellant (e.g., *People v. Cervantes* (1984) 154 Cal.App.3d 353, 358-361 [201 Cal.Rptr. 187]), provides in pertinent part: "For any order of restitution made under Section 1203.1, the court . . . may, with the consent of the defendant, order the probation officer to set the amount of restitution and the manner in which restitution shall be made to a victim. The defendant shall have the right to a hearing before the judge to dispute the determinations made by the probation officer in regard to the amount or manner in which restitution is to be made to the victim. . . ."

When appellant pleaded no contest the second time, he was expressly warned that the amount of restitution was at the trial court's discretion and could embrace restitution for the dismissed counts. He consented to this term. There is no requirement of written or verbal admonition and waiver pursuant to Penal Code section 1203.1k akin to *Boykin-Tahl* admonitions and waivers. (*Boykin v. Alabama* (1969) 395 U.S. 238; [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].)

■ If appellant is dissatisfied with the probation officer's determination, his remedy is to move for a hearing to dispute it. (Pen. Code, § 1203.1k.) If

---

[1]We summarily reject appellant's claim that Judge McMahon's remarks tainted Judge Adams's and the probation department's ability to be fair. Nothing in the record so shows and the claim is pure speculation. Given the comments of Judge Adams at the time probation was granted, it is readily apparent that he was, in no way, affected by Judge McMahon's earlier remarks.

[2]We are aware that a related issue pends in the Supreme Court: whether a defendant waives the right to appeal a condition of probation by failure to object before the sentencing court. (*People v. Welch* *(Cal.App.).)

Our opinion is not premised upon simple "failure to object." It is premised upon actual warning of "wide open" restitution and appellant's consent thereto.

---

*See 5 Cal.4th 228 for Supreme Court opinion.

he is still dissatisfied with this order, made after judgment which affects his substantial rights, he may appeal therefrom. (Pen. Code, § 1237, subd. (b); *People* v. *Vournazos* (1988) 198 Cal.App.3d 948, 953 [244 Cal.Rptr. 82].)

 Finally, appellant argues that Judge Adams's phrase, "as recommended by the probation department," refers to the prior $39,000 figure that was specified in the withdrawn negotiated disposition. If that is so, then Judge Adams will presumably so order should appellant ask for relief in the trial court. At no time has appellant sought to withdraw from the negotiated disposition. He may not retain the favorable aspects of the negotiated disposition while at the same time jettison its unfavorable aspects. (*In re Blessing* (1982) 129 Cal.App.3d 1026, 1028 [181 Cal.Rptr. 590]; *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 839, fn. 3 [155 Cal.Rptr. 780].) Appellant's request that we order that restitution be limited to $39,000 is denied.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.