Filed 5/31/16

**CERTIFIED FOR PARTIAL PUBLICATION**[*]


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| STEVEN EDWARD GRAY,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | B269150<br><br>(Los Angeles County<br>Super. Ct. Nos. BR051917<br>          & C165383) |


ORIGINAL PROCEEDINGS in mandate. Sanjay T. Kumar, Acting Presiding Judge, Alex Ricciardulli and Barbara R. Johnson, Judges. Petition denied.

Law Offices of Sherman M. Ellison and Sherman M. Ellison; Wilson, Elser, Moskowitz, Edelman & Dicker and Robert Cooper for Petitioner.

R. A. Baylis & Associates and R. Allen Baylis for Richard Meadows as Amicus Curiae on behalf of Petitioner.

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of section B of the Discussion.

D. Scott Elliot for Viktors Andris Rekte as Amicus Curiae on behalf of Petitioner.

Law Offices of John J. Jackman and John J. Jackman for Carmen Goldsmith as Amicus Curiae on behalf of Petitioner.

KPC (Knapp Petersen Clarke) Legal Audit Services Inc. and André E. Jardini as Amicus Curiae on behalf of Petitioner.

Peter Winkler for Melinda Daugherty as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Dapeer, Rosenblit & Litvak, William Litvak and Caroline K. Castillo for Real Party in Interest.

———————————————————————

## INTRODUCTION

Petitioner Steven Edward Gray seeks review of an order of the Appellate Division of the Los Angeles Superior Court dismissing his appeal and denying his alternative request to treat his defective appeal as a petition for writ of mandate. We agree with the Appellate Division's determination that the order of the trial court denying Gray's request for attorney's fees under Code of Civil Procedure section 1021.5 (the private attorney general statute) is not appealable under Penal Code[1] section 1466, subdivision (b)(2), because the order does not affect Gray's substantial rights. Further, Gray fails to establish that any exceptional circumstances required the Appellate Division to treat his appeal as a petition for extraordinary relief. Accordingly, we deny the petition.

## BACKGROUND

In the underlying traffic infraction proceeding, Gray was convicted of failing to stop at a red light in violation of Vehicle Code section 21453, subdivision (a). Gray's infraction was captured by an automated camera used for traffic enforcement. Gray challenged his conviction by arguing the city failed to comply with Vehicle Code section 21455.5, subdivision (a), which required the city to publicly announce the installation of the camera and to issue warnings (rather than citations) for the first 30 days following the installation. The Supreme Court issued a published decision adopting Gray's arguments in part, though it affirmed his conviction. (*People v. Gray* (2014) 58 Cal.4th 901.)

Gray subsequently filed a motion in the superior court seeking attorney's fees under Code of Civil Procedure section 1021.5, the private attorney general statute. The trial court denied the motion, citing *Fogelson v. Municipal Court* (1981) 120 Cal.App.3d 858, for the proposition that attorney's fees are generally not recoverable in a criminal case under the private attorney general statute. Gray appealed the order to the Appellate Division.

---

[1] All further undesignated section references are to the Penal Code.

The Appellate Division requested supplemental briefing from the parties regarding the appealability of the order denying the fee request under section 1466, subdivision (b)(2), which provides a defendant in an infraction case with the right to appeal "any order made after judgment affecting his or her substantial rights." (§ 1466, subd. (b)(2).) Gray asserted the order was appealable and suggested in passing that if the Appellate Division concluded the order was not appealable, it should exercise its discretion to treat his appeal as a petition for writ of mandate. The Appellate Division concluded the denial of attorney's fees did not affect Gray's substantial rights, and therefore the court's order was not appealable under section 1466, subdivision (b)(2). The Appellate Division further determined no usual or exceptional circumstances existed which warranted treating Gray's defective appeal as a petition for writ of mandate. Accordingly, the Appellate Division dismissed Gray's appeal.

Gray filed the instant petition for writ of mandate seeking an order directing the Appellate Division to instruct the trial court to grant his motion for attorney's fees.

## CONTENTIONS

Gray contends the Appellate Division erred by concluding the court's order denying his request for attorney's fees was not appealable under section 1466, subdivision (b)(2). In the alternative, Gray contends the Appellate Division abused its discretion by failing to treat his defective appeal as a petition for writ of mandate.[2]

---

[2] Where a case is transferred from the Appellate Division to this court, we review the decision of the trial court. (See § 1471.) However, the issue before us in this original proceeding is more limited; we consider only whether the Appellate Division properly dismissed Gray's appeal. Thus, although Gray presents a colorable argument as to why a defendant in a criminal infraction case might, under some limited circumstances, be entitled to recover attorney's fees under Code of Civil Procedure section 1021.5, we do not address the merits of that contention as it is not properly before us.

4

## DISCUSSION

### A. The Order Denying the Motion for Attorney's Fees Is Not Appealable Under Penal Code Section 1466, subdivision (b)(2).

Gray contends the order denying his request for attorney's fees is appealable under section 1466, subdivision (b)(2), and that therefore the Appellate Division erred by dismissing his appeal. We disagree.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) An appeal by a defendant in a criminal infraction case is governed by section 1466, subdivision (b), which authorizes, as relevant here, an appeal "[f]rom any order made after judgment affecting his or her substantial rights." (§ 1466, subd. (b)(2).) Citing two civil cases, Gray asserts that "a request for fees by a defendant necessarily entails the substantial rights of the defendant," and is therefore appealable. But although the authorities Gray cites for that proposition use the phrase "substantial rights," they are inapposite here. (See *Save Our Residential Environment v. City of West Hollywood* (1992) 9 Cal.App.4th 1745, 1750-1751 [considering whether " 'substantial rights' " of the litigants would be affected by the court's decision in order to evaluate mootness]; *Flannery v. Prentice* (2001) 26 Cal.4th 572, 596 (dis. opn. of Kennard, J.) [referring to cases holding that "party," when used in a statute, does not refer to both the party and his or her attorney where "the substantial rights of the litigants themselves" are implicated].) We also find unpersuasive Gray's analogy to civil cases holding that postjudgment orders awarding or denying attorney's fees are appealable. As noted, the right to appeal is statutory and the pertinent civil statute (Code of Civil Procedure section 904.1, subdivision (a)(2)) authorizes an appeal from orders made after final judgment, irrespective of whether a party's substantial rights are affected.[3] (Code Civ. Proc., § 904.1, subd. (a)(2)

---

[3] Similarly, we reject Gray's argument that his attorney has an independent right to appeal the order denying the motion for attorney's fees, as that argument also relies on inapposite civil cases.

5

[authorizing appeal from "an order made after a judgment made appealable by paragraph (1)," i.e., after a final judgment].) Finally, we reject the People's contention that the order denying Gray's request for attorney's fees is not appealable because Gray is not entitled to *recover* attorney's fees, as this circular argument conflating success on the merits with appealability has been resoundingly rejected by the Supreme Court. (See *Teal v. Superior Court* (2014) 60 Cal.4th 595, 599-601 (*Teal*).)

Thus unaided by the parties, we consider the meaning of "substantial rights," as that term is used in section 1466, subdivision (b)(2), and rely in large part upon cases interpreting the similar provision found in section 1237, subdivision (b), which relates to felony appeals. (See § 1237, subd. (b) ["[a]n appeal may be taken by the defendant . . . [f]rom any order made after judgment, affecting the substantial rights of the party"].) Unfortunately for our purposes, neither section 1466 nor section 1237 defines "substantial rights." Further, and as the Supreme Court recently observed, "our cases do not provide a comprehensive interpretation of the term 'substantial rights' " as used in these sections. (*Loper, supra*, 60 Cal.4th at p. 1161, fn. 3.)

It is plain that a defendant's "substantial rights" include personal liberty interests. (See, e.g., *Loper, supra*, 60 Cal.4th at p. 1161, fn. 3 [holding defendant's substantial interest in personal liberty implicated by court's denial of request for compassionate release from prison due to terminal illness]; *Teal, supra,* 60 Cal.4th at p. 601 [holding resentencing provision of Three Strikes Law creates substantial right affecting personal liberty interest]; *People v. Coleman* (1975) 13 Cal.3d 867, 871, fn. 1 [holding order revoking probation affected defendant's substantial rights]; *People v. Herrera* (1998) 66 Cal.App.4th 1149, 1152, disapproved on other grounds by *People v. Cheek* (2001) 25 Cal.4th 894, 903 [holding defendant's personal liberty interest implicated by denial of request for outpatient release from commitment to mental health department]; see also *People v. Totari* (2002) 28 Cal.4th 876, 886-887 [holding denial of motion to vacate conviction appealable under section 1237, subdivision (b), because basis of motion was noncitizen defendant's substantial right to complete advisement of immigration consequences prior to entry of plea].) In addition, a criminal defendant's

6

obligation to pay victim restitution for losses caused by the defendant's criminal conduct (Cal. Const., Art. I, § 28(b)(13)(A), (B); § 1202.4) has been said to affect the defendant's substantial rights. (See, e.g., *People v. Ford* (2015) 61 Cal.4th 282, 286 ["the court's order of [victim restitution] was appealable, as it was made after judgment and affected defendant's substantial rights"]; *People v. Jennings* (2005) 128 Cal.App.4th 42, 49 [indicating postjudgment order denying defendant's request to reduce victim restitution obligation was appealable under section 1237, subdivision (b)]; *People v. DiMora* (1992) 10 Cal.App.4th 1545, 1550 [noting defendant's right to appeal order setting amount of victim restitution].)

By contrast, courts generally do not find a defendant's substantial rights are implicated when a postjudgment order merely deprives the defendant of personal property. On this point, *People v. Tuttle* (1966) 242 Cal.App.2d 883 (*Tuttle*), is instructive. There, the defendant was charged and convicted of forgery. (*Id.* at p. 884.) At the time of his arrest, police confiscated items of the defendant's personal property, including $726.56 in cash, cartons of cigarettes, and several bottles of liquor. (*Ibid.*) The prosecution introduced some of these items as exhibits during the trial; the police retained other items. (*Ibid.*) Following his conviction, the defendant filed a motion seeking to recover his property. (*Ibid.*) After the trial court denied the motion, the defendant attempted to appeal that decision. (*Ibid.*) The court of appeal dismissed the appeal, noting the defendant's request for return of the exhibits used at trial did "not affect any substantial right which was a subject of that action. The proceeding resulting in such an order is entirely separate from the criminal proceeding as such because it does not involve in any manner the charge against defendant or his rights as affected by that charge." (*Id.* at p. 885; see also *People v. Gershenhorn* (1964) 225 Cal.App.2d 122 (*Gershenhorn*) [noting "a motion for return of property is a separate procedure from the criminal trial" and "an order of denial [for return of the defendant's property] is not among any of the matters for which an appeal is provided by section 1237"]; *People v. Hopkins* (2009) 171 Cal.App.4th 305, 308-309 [following *Gershenhorn*]; cf. *People v. Beck* (1994) 25 Cal.App.4th 1095, 1104 [confirming general rule stated in *Tuttle*, but

7

holding order denying return of firearms confiscated under former section 12028, which required proof firearm was used in the commission of a drug-related offense, was appealable because defendant's due process rights were at issue].)

The proceeding that produced the order denying Gray's motion for attorney's fees under section 1021.5, like the proceedings in *Tuttle* and *Gershenhorn*, was a separate and distinct proceeding from the prosecution of his traffic infraction. Also, Gray sought to recover property—in this case, money—he claimed was rightfully his, like the defendants in *Tuttle* and *Gershenhorn*. And in his motion for attorney's fees, Gray did not challenge any aspect of the criminal prosecution, his conviction, the punishment, or the obligations imposed upon him as a result of his conviction, as occurred in the cases holding that the defendant's substantial rights were at issue. We therefore agree with the Appellate Division's conclusion that the denial of a request for attorney's fees, like the denial of a defendant's request to recover other personal property, does not affect a defendant's substantial rights within the meaning of section 1466, subdivision (b)(2). Accordingly, the Appellate Division properly concluded that the court's order was not appealable.

### B.  The Appellate Division Was Not Required to Treat Gray's Defective Appeal as a Petition for Extraordinary Relief.

In the alternative, Gray argues that if the order denying his request for fees was not appealable, then the Appellate Division erred by refusing to treat his defective appeal as a petition for writ of mandate. Again, we disagree.

Although appellate courts have discretion to undertake review of a nonappealable order by treating an attempted appeal as a petition for extraordinary relief, the Supreme Court has emphasized we should only exercise that power in "unusual circumstances." (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401.) Gray's sole contention, both before the Appellate Division and before this court, is that the Appellate Division should have exercised its discretion to treat his defective appeal as a petition for extraordinary relief because his attempted appeal was timely. In so arguing, Gray relies on the well-settled proposition that, in most circumstances, a party who *fails* to timely appeal from an

8

appealable judgment or order is *barred* from seeking review by way of a petition for extraordinary relief. (See, e.g., *Leach v. Superior Court* (1932) 215 Cal. 531, 534; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1459-1460.) Contrary to Gray's argument, however, the converse principle does not follow; the filing of a timely (though defective) appeal is not, standing alone, an unusual circumstance which would compel (or even justify) a court to treat his defective appeal as a petition for extraordinary relief.

In the proceedings before the Appellate Division, Gray failed to articulate *any* unusual circumstance which would support a decision to treat his appeal as a writ petition. But given that Gray presented a colorable argument as to why a criminal defendant in an infraction case might, in some limited circumstances, be entitled to attorney's fees under the private attorney general statute, the Appellate Division would have acted within the bounds of its discretion if it had decided to treat Gray's defective appeal as a petition for extraordinary relief. However, on this record—and particularly where Gray failed to offer the Appellate Division any compelling argument on point— we cannot say the Appellate Division abused its discretion by refusing to do so.

**DISPOSITION**

The petition is denied.

**CERTIFIED FOR PARTIAL PUBLICATION**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

10