Filed 1/11/24  P. v. Ervin CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCUS ERVIN,<br><br>    Defendant and Appellant. | A166283<br><br>(Solano County Super. Ct. No. FCR354043 |

### MEMORANDUM OPINION[1]

Marcus Ervin pleaded no contest to misdemeanor unlawful possession of ammunition (§ 30305, subd. (a)(1)) pursuant to a negotiated plea agreement.  Among the agreed terms, Ervin would serve 90 days in jail, receive one year of court probation, and have returned to him the $8,770 that police confiscated at the time of his arrest.  Once it appeared he would not receive that money, Ervin filed a motion for the return of property.  At the conclusion of a hearing on August 17, 2022, the trial court denied the motion,

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Penal Code.  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

but it offered Ervin an opportunity to withdraw his plea. In response to the ruling, Ervin filed this appeal challenging the trial court's purported "[p]ost-judgment order denying specific enforcement of [the] plea agreement." Because an order denying a motion for the return of property is not appealable, we must dismiss the appeal.

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citation.]' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1237, subdivision (b), authorizes appeals from "any order made after judgment, affecting the substantial rights of a party." But "courts generally do not find a defendant's substantial rights are implicated when a postjudgment order merely deprives the defendant of personal property." (*Gray v. Superior Court* (2016) 247 Cal.App.4th 1159, 1165.) "A motion for return of property is a separate procedure from the criminal trial and is not reviewable on an appeal from an ultimate judgment of conviction. [Citation.] If the 'separate proceeding' of a motion for return is regarded as a criminal proceeding, for which the right to appeal is governed by . . . section 1237, an order denying the motion is nonappealable because such an order is not listed among any of the matters for which an appeal is authorized by . . . section 1237." (*People v. Hopkins* (2009) 171 Cal.App.4th 305, 308 (*Hopkins*).)

Here, Ervin purports to appeal from the August 17, 2022, "order denying specific enforcement of [the] plea agreement," a label he gives to the trial court's order denying his motion for the return of property. As the Attorney General notes in his brief, *Hopkins* held that such an order is nonappealable, and neither Ervin's reply nor our own research has uncovered authority holding otherwise.

Having concluded we must dismiss this appeal, we deny as moot the Attorney General's request to strike Ervin's opening brief, and we decline to address the merits of Ervin's claim of error in the trial court's order. Finally, and notwithstanding the fact that the order challenged here is reviewable by writ of mandate (*Hopkins*, *supra*, 171 Cal.App.4th at p. 309), we do not deem Ervin's notice of appeal a petition for writ of mandate because he has not asked us to do so — even after the Attorney General's brief alerted Ervin to the authority of *Hopkins* on this dispositive issue. In any event, an "individual may seek return of his or her property in a civil action for recovery of property with an attendant right to appeal from any adverse civil judgment." (*Hopkins*, at p. 309.)

## DISPOSITION

The appeal is dismissed.

_____
SMILEY, J. *

We concur:

BROWN, P.J.
STREETER, J.

*People v. Ervin* (A166283)

_____

*  Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3