Filed 8/12/25  P. v. Knight CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C101528 |
| Plaintiff and Respondent, | (Super. Ct. No. F21000238B) |
| v. | |
| SUSAN ANN KNIGHT, | |
| Defendant and Appellant. | |

After a jury found defendant Susan Ann Knight guilty of second degree burglary and conspiracy to commit a crime, the trial court placed her on probation subject to various terms and conditions, including that she "enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation program as ordered by probation."  On appeal, Knight argues the condition impermissibly delegates judicial authority to her probation officer.  We agree that the condition is an improper delegation

1

of authority. We therefore direct the trial court either to modify the probation condition or strike it completely. We otherwise affirm the judgment.

BACKGROUND

In April 2024, a jury found Knight guilty of second degree burglary (Pen. Code, § 459) and conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)). The jury also found true an allegation that Knight's crimes demonstrated planning, sophistication, or professionalism. In a bifurcated bench trial, the trial court found true allegations that Knight previously served a term in prison and performed poorly under prior supervision.

On May 2, 2024, Knight submitted a statement in mitigation, in which trial counsel indicated that she was "willing to comply with any and all terms of probation that this Court orders or as recommended by the Probation Department and desires the opportunity to accept the job and room she has been offered, to be a productive member of society." The statement included an apology from Knight, as well as a recitation of her efforts to improve her situation.

On May 6, 2024, the probation department (the department) submitted a presentence report to the trial court. The department reported that, when asked about "potential substance use history," Knight "declined to comment." The department determined Knight posed a high risk of reoffending and recommended the trial court deny probation and impose a split sentence of eight months in "local prison" followed by three years on mandatory supervision. The department further recommended the terms of mandatory supervision include the following: "[D]o not possess or consume controlled substances or drug paraphernalia; submit to chemical testing for controlled substances; participate in rehabilitative programming as recommended by a validated needs assessment tool and directed to by [p]robation."

At sentencing, the trial court suspended imposition of sentence and placed Knight on two years of formal probation. Included in the various terms and conditions of her probation was an order that Knight serve 210 days in county jail. After she was released

2

from jail, the terms of Knight's probation also included condition No. 4, from a standardized probation check-the-box form, which required Knight to "enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation program as ordered ~~by the court~~ by probation." (Interlineation in original.) The final sentence of probation condition No. 4 read: "Such program shall consist of: _____." This portion of the form was left blank.

The trial court expressed its "belief" that Knight had a drug addiction: "[T]he court is aware that [Knight] was not convicted of any charges relevant to drugs, but there were facts that were admitted in this case that indicated that there were drugs present at the scene and information that supports the Court's belief that [Knight] does suffer from an addiction." Accordingly, the terms of Knight's probation also required her to submit to testing for drugs and narcotics and prohibited her from possessing and/or using any controlled substance and/or drug paraphernalia without a valid prescription.

Knight's notice of appeal was lodged in this court on July 10, 2024. Knight filed her opening brief on April 21, 2025, and the appeal was fully briefed on May 27, 2025.

DISCUSSION

Knight maintains that the probation condition requiring her to participate in "education, psychological, psychiatric, drug, alcohol, or other rehabilitation program" as directed by the probation officer violates separation of powers by impermissibly delegating judicial authority. We agree.

3

A.    *Forfeiture and Waiver*

The People argue Knight forfeited her challenge to the treatment condition because she failed to object to it in the trial court.  Knight, however, raises only a facial constitutional challenge, which "may be considered for the first time on appeal because it does not depend on the underlying factual record." (*People v. Smith* (2022) 79 Cal.App.5th 897, 901.)

The People also contend that Knight affirmatively waived her right to challenge the probation condition.  We disagree.  To be valid, a waiver must be voluntary, intelligent, and knowing.  (*Edwards v. Arizona* (1981) 451 U.S. 477, 482.)  This requires actual knowledge of the rights being waived.  (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662.)  Here, Knight's statement in mitigation was filed several days before the conditions of probation were imposed.  Knight's assent was to terms of probation ordered "by the court" or recommended by the department.  Such language is consistent with the language as it appears on the standardized form identifying conditions of probation.  That form, however, was modified to indicate Knight would have to comply with the terms of condition No. 4 "as ordered by probation."  Not only is that not what she agreed to in her mitigation statement, probation cannot issue orders—that is the exclusive province of the court.  Accordingly, on this record, we find no waiver.

B.    *Delegation of Duty*

Article III, section 3 of the California Constitution states:  "The powers of state government are legislative, executive, and judicial.  Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

" 'The correct principle deducible from the better-reasoned cases dealing with the separation of powers seem to be that even the primary function of any of the three departments may be exercised by any other governmental department or agency so long as (1) the exercise thereof is incidental or subsidiary to a function or power otherwise properly exercised by such department or agency, and (2) the department to which the

4

function so exercised is primary retains some sort of ultimate control over its exercise, as by court review in the case of the exercise of a power judicial in nature.' " (*In re Danielle W.* (1989) 207 Cal.App.3d 1227, 1236.)

Section 1203.1 "gives trial courts broad discretion to determine whether to grant an eligible defendant probation, and if so, what terms of probation will promote rehabilitation and protect public safety." (*People v. Hall* (2017) 2 Cal.5th 494, 498.) The broad discretion conferred on trial courts to formulate terms and conditions of probation "is not boundless; the authority is wholly statutory, and the statute furnishes and limits the measure of authority which the court may exercise." (*People v. Cervantes* (1984) 154 Cal.App.3d 353, 356, superseded by statute on other grounds as stated in *People v. DiMora* (1992) 10 Cal.App.4th 1545, 1549.) "[N]o statutory provision sanction[s] a delegation of unlimited discretion to a probation officer" to implement or interpret probationary terms. (*Cervantes*, at p. 358.) "[T]hese determinations are essentially judicial functions." (*Ibid.*)

As part of these duties, "probation officers may be given 'wide discretion to enforce court-ordered conditions' " but cannot "create conditions not expressly authorized by the court." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358.) "There are many understandable considerations of efficiency and practicality that make it reasonable to leave to the probation department the amplification and refinement of a [probation condition]. The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended. It is for the court to determine the nature of the prohibition placed on a defendant as a condition of probation." (*Id.* at pp. 1358-1359.)

5

Where a trial court unequivocally imposes a requirement to attend a specific kind of program but leaves the selection of which program to a probation officer, such delegations are permissible. (See *People v. Penoli* (1996) 46 Cal.App.4th 298, 307-309.) "The trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability." (*Id*. at p. 308.) A court may not, however, "completely delegate the setting of [an adult probation] condition to the probation department." (*In re D.N.* (2022) 14 Cal.5th 202, 209, fn. 4.)

Thus, it is clear that a "probation officer may properly specify the details necessary to effectuate the court's probation conditions, [but] it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902.)

Here, the trial court ordered Knight to "enter into and continue such education, psychological, psychiatric, drug, alcohol, or other rehabilitation program as ordered ~~by the court~~ by probation." (Interlineation in original.) This provision appears to give the probation officer untethered discretion to determine whether Knight will participate in such a program. It does so because the trial court failed to fill in the blank or otherwise direct the type of program(s) Knight was to complete. Importantly, someone also modified the standardized form to suggest the department has the authority to issue orders related to the conditions of Knight's probation. It does not. Had the standardized form been left unchanged and the trial court directed the types of programs for completion, this condition would not run afoul of the separation of powers doctrine. (*People v. Penoli*, *supra*, 46 Cal.App.4th at pp. 307-309.) This is an unconstitutional delegation of power.

## DISPOSITION

The authorization for the probation officer to determine whether to prescribe "education, psychological, psychiatric, drug, alcohol, or other rehabilitation program" is reversed.  The matter is remanded with directions for the trial court to either strike mandatory supervision condition No. 4 or to revise that condition in conformity with the guidance provided in the opinion.  The judgment is otherwise affirmed.


                                           /s/
                                    BOULWARE EURIE, J.



We concur:



        /s/
EARL, P. J.



        /s/
MESIWALA, J.




7